### AMIGOS DEL PUEBLO v. GUTIERREZ.
#### (No. 2279.)

Court of Civil Appeals of Texas. El Paso. April 25, 1929.

Newton & Woods, Harry L. Howard, Nat L. Hardy, and Hogan & Matthews, all of San Antonio, for plaintiff in error.

Joseph N. Platt and J. Ed. Wilkins, both of San Antonio, for defendant in error.

HIGGINS, J. Plaintiff in error is a mutual benefit association. Silvester Gutierrez was a member thereof and holder of a certificate entitling his wife, the defendant in error, to $500 upon his death. Section 3 of the certificate reads:

"All members having had notice and who do not comply with the death quota during the term of thirty days counting from the date of the death of any brother in the order, said member remains suspended in the right to said fund of policy in case of death, and if during the period indicated said suspended member does not comply with his quota of policy he will be granted an extension for payment of thirty days more, but it will be indispensable that said member upon making said payment of policy shall bring with him a certificate of good health from the physician of the order, and in case the member does not take advantage of the thirty days which the organization or assembly grants him as an extension for him to make said payment on his policy, he shall remain out of the order."

Gutierrez became seriously ill in November, 1925, and remained so until his death on March 13, 1926.

Defendant in error brought this suit against plaintiff in error upon the certificate and recovered judgment.

The suit was defended upon the theory that the certificate lapsed on January 15, 1926, because one Juan Suarez, a member of the plaintiff in error, died on the 15th of December, 1925, and the assessment for his death was not paid by Silvester Gutierrez on or before January 15, 1926, after notice. It is not questioned that subsequent to January 15, 1926, the deceased made tenders of the death assessment and attempted to be reinstated, which was refused by plaintiff in error because of Gutierrez's inability to furnish the doctor's certificate of good health.

The only error assigned is to the refusal of a peremptory charge in favor of plaintiff in error, in support of which it is asserted the undisputed evidence shows that after notice of the death of Juan Suarez the deceased, Gutierrez, failed to pay by January 15, 1926, the death assessment accruing by reason of Suarez's death on December 15, 1925.

To this it is sufficient to say that the testimony of the wife and son of Gutierrez raises an issue of fact as to whether notice of the death of Suarez was given as testified by the officers, who were interested witnesses, of defendant in error. In this connection it may be said further that such testimony of the wife and son is corroborated by circumstances shown by the record indicative

of an effort on the part of plaintiff in error to cause the Gutierrez certificate to lapse by withholding from Gutierrez notice of Suarez's death. In the state of the evidence with respect to notice of Suarez's death the peremptory charge was properly refused.

Affirmed.